Jose **GRANADOS NAVEDO**, et al.,
Plaintiffs, Appellants,

v.

Hector Luis **ACEVEDO**, et al.,
Defendants, Appellees.

Georgina **CARMONA O'NEILL**, et al.,
Plaintiffs, Appellants,

v.

Marcos **RODRIGUEZ ESTRADA**, et al.,
Defendants, Appellees.

Carmen D. **OSORIO VELEZ**, et al.,
Plaintiffs, Appellants,

v.

Marcos **RODRIGUEZ ESTRADA**, et al.,
Defendants, Appellees.

Nos. 91–1060 to 91–1062.

United States Court of Appeals,
First Circuit.

Heard May 8, 1991.
Decided May 15, 1991.

Enrique M. Bray and Harvey B. Nachman, with whom Law Office of Enrique M. Bray, was on brief for plaintiffs, appellants José Granados Navedo and Carmen D. Osorio Vélez.

Daniel R. Dominguez and Dominguez & Totti, on brief for plaintiff, appellant Georgina Carmona O'Neill.

José Angel Rey with whom Lino J. Saldaña, Melva A. Quintana, José Luis González Castaner, Rafael Escalera Rodríguez and Luis Sánchez Betances, were on brief for defendants, appellees Eudaldo Baez Galib and Héctor Luis Acevedo.

David Rive–Rivera with whom Vargas & Rive, was on brief for defendant, appellee Marcos A. Rodríguez Estrada.

Before CAMPBELL, SELYA and CYR, Circuit Judges.

---

5. In light of our disposition, we do not address the Board's various evidentiary challenges.

PER CURIAM.

In the appealed cases, the federal district court was asked to review, on federal constitutional grounds, various alleged irregularities occurring in the extremely close election in 1988 for the Mayor of San Juan, Puerto Rico. The court initially abstained in order to allow state proceedings to run their course. *Granados–Navedo v. Acevedo,* 703 F.Supp. 170 (D.P.R.1988). Thereafter, in an extensive, carefully considered opinion, *Granados–Navedo v. Acevedo,* 752 F.Supp. 523 (D.P.R.1990), the district court determined, after an extensive evidentiary hearing of its own, that the asserted irregularities did not reach the level of federal constitutional violations.

We are satisfied that the district court identified the correct federal constitutional principles, that its factual findings are not clearly erroneous, and that its analysis was consistent with the law. Concededly, it is not always easy to draw the line reflected in the differing outcomes of cases such as *Griffin v. Burns,* 570 F.2d 1065 (1st Cir. 1978) and *Henry v. Connolly,* 910 F.2d 1000 (1st Cir.1990). The district court undertook to do so here conscientiously and, we conclude, correctly. In upholding the district court's decision, we take into account, as the court itself did, the remedial process afforded by the Puerto Rico Election Commission and the careful review of the challenged ballots by the Superior Court of the Commonwealth of Puerto Rico, reviewed on three occasions by the Supreme Court of Puerto Rico. *See Granados–Navedo v. Rodriguez Estrada,* 89 JTS 63 (1989); *Granados–Navedo v. Rodriguez Estrada,* 89 JTS 78 (1990); *Granados–Navedo v. Rodriguez Estrada,* 90 JTS 114 (1990). The availability of adequate and reasonable state corrective mechanisms is an important consideration in determining whether or not federal constitutional issues are implicated. *Griffin v. Burns,* 570 F.2d at 1077–78.

*Affirmed. Costs for appellees.*